IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | |
|---|---|
| Montez Desmond Jackson | Civil No. 2:09-CV-1581-DCN |
| Plaintiff, | |
| vs. | **ORDER** |
| James Lewis Thomas, Jr., and Barbara Jean Thomas, | |
| Defendants. | |

This matter is before the court on defendants' motion for summary judgment, plaintiff's motion to amend or withdraw putative admissions to defendants' requests for admissions, and plaintiff's motion for leave to amend scheduling order. For the reasons set forth below, the court denies defendants' motion for summary judgment and grants plaintiff's motions, subject to the limitations specified below.

## I. DEFENDANTS' MOTION FOR SUMMARY JUDGMENT

The court finds that genuine issues of material fact exist regarding whether defendants exerted undue influence on decedent, Amanda Renee Jackson, and whether plaintiff's alienation of affections cause of action is governed by North Carolina state law. Defendants are not entitled to judgment as a matter of law on either cause of action. In particular, the court notes that defendants appear to equate the issues of mental capacity and undue influence. While decedent's mental capacity is certainly among the factors to be considered in an undue influence cause of action, it is not dispositive. Moreover, decedent's mental capacity is an issue disputed by the parties.

## II. PLAINTIFF'S MOTION TO AMEND OR OTHERWISE WITHDRAW PUTATIVE ADMISSIONS TO DEFENDANTS' REQUESTS FOR ADMISSIONS

The court grants plaintiff's motion to amend putative admissions to defendants' requests for admissions; however, plaintiff must respond to these requests for admissions with specific admissions or denials and the factual basis for any denial by December 7, 2010.

## III. PLAINTIFF'S MOTION FOR LEAVE TO AMEND SCHEDULING ORDER

The court grants plaintiff's motion for leave to amend the amended scheduling order filed on June 16, 2010; however, the court limits amendment to the following: (1) the parties may depose Dr. Brad Clayton, M.D.; (2) plaintiff may identify any witnesses necessary to respond to Dr. Clayton's deposition, and defendants may take their deposition; and (3) a trial date will be set after February 1, 2011. No discovery will be allowed regarding claims of forgery, and presentation or processing, of the change of beneficiary form in dispute. In addition, the court will not allow plaintiff to file an amended complaint.

## IV. CONCLUSION

For the foregoing reasons, the court **DENIES** defendants' motion for summary judgment. The court **GRANTS** both plaintiff's motion to amend or withdraw putative admissions to defendants' requests for admissions, and plaintiff's motion to amend scheduling order, subject to the limitations specified in this order.

**AND IT IS SO ORDERED**.

_____
**DAVID C. NORTON
CHIEF UNITED STATES DISTRICT JUDGE**

**November 23, 2010
Charleston, South Carolina**