IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF SOUTH CAROLINA
CHARLESTON DIVISION

| | | |
|---|---|---|
| MONTEZ DESMOND JACKSON, | ) | Civil No. 2:09-CV-1581 |
| | ) | |
| Plaintiff, | ) | **ORDER** |
| | ) | |
| vs. | ) | |
| | ) | |
| JAMES LEWIS THOMAS & BARBARA JEAN THOMAS, | ) ) | |
| | ) | |
| Defendants. | ) | |
| _____ | ) | |

  The court finds that plaintiff failed to carry his burden of showing, by a preponderance of the evidence, that defendants unduly influenced Amanda Jackson to change the beneficiary of her Office of Servicemembers' Group Life Insurance (SGLI) policy.[1]  The court finds the testimony of the lay witnesses credible and the testimony of Sallie Briggs, RN, especially persuasive.  The court also credits defendants' expert witness, Dr. Donna Schwarz Watts, but finds the testimony of plaintiff's expert, Dr. Bradley A. Clayton, less than credible.  Finally, in reaching its conclusion, the court relies upon the reasoning skills and mental clarity evinced in Ms. Jackson's self-recorded telephone conversations and her continued ability to execute complicated computer tasks as demonstrated by her emails.  Therefore, the court holds in favor of defendants.

  **AND IT IS SO ORDERED**.

---

[1] The appropriate standard in the Fourth Circuit and South Carolina is probably "clear and convincing evidence" or "unmistakable and convincing evidence"; however, in an abundance of caution, the court has utilized the preponderance of the evidence standard.  Sun Life Assur. Co. v. Tinsley, No.06-0010, 2007 WL 1052485, at *4 (W.D. Va. Apr. 4, 2007), aff'd, 266 Fed. App'x 228 (4th Cir. Jan. 8, 2008); Russell v. Wachovia Bank, NA, 578 S.E.2d 329 (S.C. 2003); but see Rice v. Office of Servicemembers' Grp. Life Ins., 260 F.3d 1240, 1250 (10th Cir. 2001) (quoting Tinsley v. Gen. Motors Corp., 227 F.3d 700, 704 (6th Cir. 2000)).

2

_____
**DAVID C. NORTON**
**UNITED STATES DISTRICT JUDGE**

**May 29, 2012**
**Charleston, South Carolina**